IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **SHERRIE BAILEY**, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 09-CV-0531 WJ/DJS |
| v. | ) ) |
| **I-FLOW CORPORATION**, a Delaware corporation; **DJO, LLC**, a Delaware corporation; and **DJO, INC.** f/k/a **DJ ORTHOPEDICS, INC.**, a Delaware corporation, | ) ) **PLAINTIFF SHERRIE BAILEY'S** ) **RESPONSE IN OPPOSITION TO DJO** ) **LLC'S MOTION TO DISMISS** ) **PURSUANT TO RULE 12(B) FOR** ) **FAILURE TO STATE A CLAIM UPON** ) **WHICH RELIEF CAN BE GRANTED** ) ) |
| Defendants. | ) |

## INTRODUCTION

DJO LLC ("DJO") moves to dismiss plaintiff Sherrie Bailey's claims against it, claiming (1) that her claim for conspiracy fails as a matter of law, and (2) that the action is time-barred. DJO fails to acknowledge New Mexico law and the Court's prior order, and misstates the sufficiency of the pleading in plaintiff's amended complaint. The Court should deny DJO's motion, because construing all inferences in favor of the Ms. Bailey, her First Amended Complaint is sufficient as a matter of law. Plaintiff addresses each argument in turn.

### A. CONSPIRACY CLAIM

Before the Plaintiff filed her First Amended Complaint, she filed a motion which was opposed by I-Flow on many of the same grounds now re-argued by DJO. *See Plaintiff's Motion to Amend Complaint*, (Doc. 43), *Order Granting Plaintiff's Motion to Amend Complaint and Order Modifying Caption of Complaint*, (Doc. 80). Plaintiff adopts this prior briefing and ruling of the Court as if fully set forth herein. The Court previously applied the standards of *Twombly* and *Iqbal*, and DJO's arguments under these cases are nothing more than a reiteration of arguments previously considered and rejected by the Court. The Court previously ruled that

plaintiff's claims were not futile "if the proposed amended complaint sets forth sufficient facts to survive a motion to dismiss." (Doc. 80 at 3). The Court should affirm its earlier ruling that the amended complaint would survive a motion to dismiss, and deny DJO's motion to dismiss.

DJO's next argument is that the Court should grant its motion to dismiss because Judge Aiken dismissed a conspiracy claim in another case in Oregon. This argument is not well taken, because Judge Aiken's order held that all elements of conspiracy were met *except for an obscure, additional element under Oregon law*:

> [t]he primary purpose of a conspiracy *must* be to cause injury to another." Bonds, 279 Or. at 174 (1977)(emphasis added): Bliss v. So. Pac. Co., 212 Or. 634 642, 321 P.2d 324 (1958)(accord).

*Opinion and Order*, (Doc. 95 Ex. 1 at 2).

> Notably, plaintiff does not allege that the purpose of DJO's and I-Flow's agreement was to cause harm. Rather, plaintiff alleges that the purpose of the alleged conspiracy was to continue "selling pain pumps" for intra-articular uses in order to make a "profit." While plaintiff's allegations might allege a conspiracy between DJO and I-Flow to violate FDA regulations, they do not allege a civil conspiracy that was intended to cause harm or injury to plaintiff or to others similarly situated. . . . Therefore, **under Oregon law**, plaintiff fails to state a cognizable theory of civil conspiracy.

*Opinion and Order* (Doc. 95 Ex. 1 at 3-4) (emphasis added). While these plaintiffs believe that Judge Aiken misinterpreted Oregon law, nothing in DJO's instant briefing supports the argument that New Mexico follows two obscure Oregon cases, both of which are inconsistent with the RESTATEMENT OF (SECOND) OF TORTS.

Instead, DJO admits that under New Mexico law, any unlawful purpose can support a claim for civil conspiracy, as can a lawful purpose carried out by unlawful means. See Doc. 95 at 5 (citing *Las Luminarias v. Isengard,* 92 N.M. 297, 300, 597 P.2d 444 (Ct. App. 1978)). In a recent case in this District, Judge Browning affirmed a plaintiff's right to a jury decision on conspiracy, finding "[t]he evidence is not direct, but evidence of a conspiracy will rarely be obvious. Instead, evidence of conspiracy will generally be circumstantial. What is important is that the evidence is not speculative. Here, there is sufficient evidence of concealment, without resort to pure conjecture, to put

the issue to a jury." *Pedroza v. Lomas Auto Mall, Inc.*, 600 F. Supp.2d 1162, 1170 (D. N.M. 2009).

For purposes of this motion under Rule 12(b), the Court need not weigh the evidence. However, most of DJO's arguments amount to complaining that plaintiff's evidence will be circumstantial rather than direct. Under New Mexico law, the quality of the evidence is not grounds to dismiss a conspiracy claim, particularly where the parties will be motivated by the very nature of conspiracy to conceal their purpose. *Id.* at 1170. Plaintiffs' evidence, reflected in her pleading, shows that all sales of pain pumps for orthopedic surgery were in essence an illegal medical experiment on unwitting human subjects, and that DJO aided and assisted I-Flow in continuing these sales contrary to the FDA's instructions. Such evidence, if proven at trial, will be grounds to hold DJO jointly liable for the harm I-Flow caused. The Court should affirm its earlier ruling, and permit plaintiff's claim for conspiracy to stand.

### B. STATUTE OF LIMITATIONS

DJO's argument concerning the statute of limitations omits crucial portions of the complaint, and therefore is a faulty analysis. DJO's reading of New Mexico law would remove the discovery rule. On the contrary:

> Where an individual has been injured by an unsafe or defective product and the resulting injury does not immediately manifest itself, the three-year statute of limitations prescribed in NMSA 1978, §37-1-8 (1976), commences, when a plaintiff knows, or reasonably should know through diligent inquiry, that he or she has been injured.

*Martinez v. Showa Denko, K.K.*, 125 N.M.615, 964 P.2d 176 (N.M. App. 1998) (citing *Sawtell v. E.I. Du Pont de Nemours & Co.*, 22 F.3d 248, 251 (10th cir. 1994), *Dawson v. Eli Lilly & Co.*, 543 F. Supp. 1330, 1338 (D.D.C. 1982), additional citations omitted).

Inexplicably, DJO cites part of paragraph 5, and then omits the following portions relevant to the statute of limitations:

> On **March 11, 2009**, an x-ray revealed a "…complete loss of articular cartilage." Plaintiff was diagnosed with chondrolysis on **April 1, 2009**."

*First Amended Complaint*, (Doc. 80 at para. 5) (emphasis added).

Thus her cartilage loss was not diagnosed until March 11, 2009, and chondrolysis was not diagnosed until April 1, 2009. Drug and device companies repeatedly try to reverse the application of a discovery rule, and perhaps that is DJO's purpose. Even if the discovery rule did not apply, there would have to be an objective manifestation of injury before a plaintiff could sue. There was no objective manifestation of injury until March 11, 2009, and DJO does not argue otherwise. Plaintiff filed suit well within three years of the date on which her injury became manifest. Thus even without a discovery rule, her action would be timely.

DJO does admit that there is as discovery rule, but makes its arguments as if the date the pain pump was implanted was the date that Ms. Bailey discovered a connection between the pain pump and her injury. This argument fails to acknowledge all of plaintiff's pleading. On this rule 12 motion, the Court must construe all facts in plaintiff's favor, and Ms. Bailey plainly alleges that her injury was not manifest before March 11, 2009. The Court should therefore deny this portion of DJO's motion.

Dated: July 16, 2010.

Respectfully submitted,

BRANCH LAW FIRM

_____
Paul Dominguez
pdominguez@branchlawfirm.com
Turner W. Branch
tbranch@branchlawfirm.com
Branch Law Firm
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 243-3500
(505) 243-3435 (Fax)

Michael L. Williams

mwilliams@wdolaw.com
Leslie W. O'Leary
loleary@wdolaw.com
Thomas B. Powers
tpowers@wdolaw.com
Williams Love O'Leary & Powers, P.C.
9755 SW Barnes Rd., #450
Portland, OR 97225-6681
(503) 295-2924
(503) 295-3720 (Fax)

Ernest Franklin Woodson
frank.woodson@beasleyallen.com
Matthew E. Munson
Matt.Munson@BeasleyAllen.com
Beasley Allen Crow Methvin Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

BRANCH LAW FIRM

_____
Paul Dominguez
pdominguez@branchlawfirm.com
Turner W. Branch
tbranch@branchlawfirm.com
Branch Law Firm
2025 Rio Grande Blvd. NW
Albuquerque, NM  87104