IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **SHERRIE BAILEY**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 09-CV-0531 WJ/DJS |
| v. | ) | |
| | ) | |
| **I-FLOW CORPORATION**, a Delaware | ) | |
| corporation; **DJO, LLC**, a Delaware | ) | **PLAINTIFF SHERRIE BAILEY'S** |
| corporation; and **DJO, INC**. f/k/a **DJ** | ) | **RESPONSE IN OPPOSITION TO** |
| **ORTHOPEDICS, INC**., a Delaware | ) | **DEFENDANT I-FLOW** |
| corporation, | ) | **CORPORATION'S MOTION TO** |
| | ) | **DISMISS CLAIMS OF CIVIL** |
| Defendants. | ) | **CONSPIRACY** |

## I. INTRODUCTION

Not content with the Court's first ruling on the issue, and after DJO has briefed the issue a second time, I-Flow now moves the Court for a third time to find that plaintiff's conspiracy claim fails as a matter of law. The second motion by DJO (Doc. 95) and this third motion by I-Flow (Doc. 97) are little more than motions for reconsideration. For the reasons thrice briefed, the Court should deny DJO's motion, because construing all inferences in favor of plaintiff, her First Amended Complaint is sufficient as a matter of law. Plaintiff addresses each argument in turn.

### A. PRIOR BRIEFS AND RULING ON CONSPIRACY CLAIMS

Before the plaintiff filed her First Amended Complaint, she filed a motion which was opposed by I-Flow on many of the same grounds now re-argued by I-Flow. *See Plaintiff's Motion to Amend Complaint*, (Doc. 43), *Order Granting Plaintiff's Motion to Amend Complaint and Order Modifying Caption of Complaint*, (Doc. 80). After filing her First Amended Complaint, DJO filed its *Motion to Dismiss* (Doc. 95), which plaintiff has opposed (Doc. 102). Plaintiff adopts this prior briefing and ruling of the Court as if fully set forth herein. The Court previously applied the standards of *Twombly* and *Iqbal*, and I-Flow's arguments under these cases are nothing more than a reiteration of arguments previously considered and rejected by the

Page 1                                                                                               129385_1.DOC

Court. The Court previously ruled that plaintiff's claims were not futile "if the proposed amended complaint sets forth sufficient facts to survive a motion to dismiss." (Doc. 80 at 3). The Court should affirm its earlier ruling that the amended complaint would survive a motion to dismiss, and deny I-Flow's motion to dismiss.

B.  **ARGUMENTS NOT IN I-FLOW'S FIRST BRIEF**

I-Flow joins DJO's argument that Judge Aiken's order applying Oregon law should govern this case. As plaintiff has already briefed, Judge Aiken ruled that Oregon plaintiffs failed to satisfy *only one* element of the conspiracy pleading, and that element is not present under New Mexico law. S*ee* Doc. 95 (DJO's motion), Doc. 102 (plaintiff's response).

I-Flow then confuses the "labels and conclusions" of *Twombly* with the fact that most evidence of conspiracy is circumstantial, and not direct. "The evidence is not direct, but evidence of a conspiracy will rarely be obvious. Instead, evidence of conspiracy will generally be circumstantial. What is important is that the evidence is not speculative. Here, there is sufficient evidence of concealment, without resort to pure conjecture, to put the issue to a jury." *Pedroza v. Lomas Auto Mall, Inc.,* 600 F. Supp.2d 1162, 1170 (D. N.M. 2009).

Bearing this in mind, I-Flow's argument of the facts borders on violating Rule 11. I-Flow suggests that I-Flow and DJO did not have an agreement, when plaintiff pleads specifically the existence of their formal distribution agreement for an illegal purpose, and the tacit agreement to hush and suppress information on the FDA's rejection of pumps for orthopedic use after the formal distribution ended. Shockingly, this agreement is not only supported by circumstantial evidence, but also by a *formal agreement* to illegally promote the pumps for orthopedic use. Far from parallel conduct, there is direct evidence of the agreement from 1998-2003, and circumstantial evidence from 2003 until the date DJO discontinued pump sales. I-Flow's argument completely lacks legal or factual support.

I-Flow then claims plaintiff's complaint is deficient because it is not a legal brief on FDA regulation. I-Flow has seen—many times—the extensive report of plaintiff's regulatory experts. Again, this argument lacks legal or factual support.

I-Flow then claims plaintiff does not specifically plead how the conspiracy caused her harm. On the contrary, plaintiff expressly pleads that DJO aided and abetted I-Flow's continued illegal sale of pumps, by suppressing the information that FDA had refused to clear the pumps for orthopedic use.

Finally, I-Flow attempts to argue evidence on a Rule 12(b) motion without presenting the evidence. The Court should deny this motion, and strike any attempt for a decision based on facts beyond the pleadings. I-Flow can file a Rule 56 motion if it thinks plaintiff's allegations are not supported by facts, but the allegations are more than sufficient to survive this third attack on them.

Dated: July 22, 2010.

Respectfully submitted,

**WILLIAMS LOVE O'LEARY & POWERS, P.C.**

By: /s/ Michael L. Williams
Michael L. Williams
mwilliams@wdolaw.com
Leslie W. O'Leary
loleary@wdolaw.com
Thomas B. Powers
tpowers@wdolaw.com
**WILLIAMS LOVE O'LEARY & POWERS, P.C.**
9755 SW Barnes Rd., #450
Portland, OR 97225-6681
(503) 295-2924
(503) 295-3720 (Fax)

Paul Dominguez
pdominguez@branchlawfirm.com
Turner W. Branch
tbranch@branchlawfirm.com
Ryan Thomas Sanders
rsanders@branchlawfirm.com
**BRANCH LAW FIRM**
2025 Rio Grande Blvd. NW
Albuquerque, NM 87104
(505) 243-3500
(505) 243-3435 (Fax)

Ernest Franklin Woodson

frank.woodson@beasleyallen.com
Matthew E. Munson
Matt.Munson@BeasleyAllen.com
**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (Fax)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Robert J. Curtis, Esq.
curtisr@civerolo.com
Civerolo Gralow Hill & Curtis
PO Drawer 887
Albuquerque, NM 87103

Chad J. Layton, Esq.
clayton@smsm.com
Mitchell P. Morinec
mmorinec@smsm.com
Segal McCambridge Singer & Mahoney, Ltd.
233 S. Wacker Drive
Willis Tower, Suite 5500
Chicago, IL 60606

*Attorney for Defendant I-Flow Corporation*

Jacqueline A Olexy, Esq.
jao@madisonlaw.com
Michael J Dekleva, Esq.
mjd@madisonlaw.com
Madison Harbour & Mroz PA
PO Box 25467
Albuquerque, NM 87125

*Attorney for DJO, LLC, DJO, Inc. f/k/a DJ Orthopedics, Inc.*

**WILLIAMS LOVE O'LEARY & POWERS, P.C.**

/s/ Michael L. Williams
Michael L. Williams
mwilliams@wdolaw.com
Leslie W. O'Leary
loleary@wdolaw.com
Thomas B. Powers
tpowers@wdolaw.com
**WILLIAMS LOVE O'LEARY & POWERS, P.C.**
9755 SW Barnes Rd., #450
Portland, OR 97225-6681
(503) 295-2924
(503) 295-3720 (Fax)