IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHERRIE BAILEY,

        Plaintiff,

v.                                                          No. 09-CV-0531 KBM/DJS

I-FLOW CORPORATION, a Delaware
corporation; DJO, LLC; a Delaware
corporation; and DJO, INC., f/k/a DJ
ORTHOPEDICS, INC.; a Delaware
corporation,

        Defendants.

## DEFENDANT DJO, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**COMES NOW,** Defendant DJO, LLC, by and through its counsel of record, Madison, Harbour & Mroz, P.A., and hereby files its reply in support of its Rule 12(b)(6) motion to dismiss pursuant for failure to state a claim for relief upon which relief can be granted and so states:

The only claim in Plaintiff's Amended Complaint ("Complaint") against DJO, LLC appears to be an unsupported and unspecific allegation of DJO, LLC engaging in a civil conspiracy with I-Flow Corporation. The claim lacks any of the requisite specificity necessary by federal pleading standards and New Mexico law, and fails to allege what illegal act DJO, LLC allegedly engaged in to support the civil conspiracy claim, fails to allege that DJO, LLC had any intent to specifically harm the Plaintiff, and fails to state that DJO, LLC violated any specific FDA regulation or federal law.

Furthermore, Plaintiff's Complaint fails to allege that DJO, LLC designed, manufactured, sold or distributed the –I-Flow pain pump that allegedly caused her injuries. DJO, LLC cannot

1

be liable to Plaintiff for claims of strict liability, design defect, failure to warn, or negligence for a product that it did not design, manufacture, market, sell, or distribute. Simply put, DJO, LLC does not owe Plaintiff a duty to ensure that another entity, in this case I-Flow, designed, manufactured, marketed, or distributed its product without defect and with sufficient warnings. Thus, Plaintiff has also failed to plead any facts to support the claims in Counts I and II of the Complaint against DJO, LLC and those claims, too, should be dismissed.

## I.  REPLY ARGUMENT

### A. Plaintiff's Claim of Civil Conspiracy Fails to Meet the Requisite Elements Necessary For Such a Claim.

At this early stage of litigation it is Plaintiff's burden to file a Complaint that must plead "enough facts" to state a theory of civil conspiracy "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under *Twombly's* heightened pleading standard, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," to withstand the Rule 12(b)(6) analysis. *Id.* at 555. The Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." The allegations of the complaint must be more than conceivable, they must rise to the level of plausible to meet the pleading standards of Rule 8(a). *Twombly*, 550 U.S. at 570. Here, Plaintiff fails to meet her burden and plead enough facts to support her claim that DJO, LLC engaged in a civil conspiracy with the intent to cause her harm.

"A civil conspiracy is a "combination by two or more persons to accomplish an unlawful purpose by unlawful means." " *Pedroza v. Lomas Auto Mall, Inc.*, 600 F. Supp. 2d 1162 (2009 U.S. Dist.), citing to *Las Luminarias of the New Mexico Counsel of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct. App. 1978). Inherent to a civil conspiracy is the intent to "accomplish" some unlawful purpose. *See Id.* A plaintiff's burden for a civil

conspiracy claim must show that "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." *Silva v. Town of Springer*, 1996-NMCA-22, P25, 121 N.M. 428, 912 P.2d 304.

In the instant matter, Plaintiff offers conclusory allegations that "DJO gave substantial assistance and encouragement to I-Flow, which allowed it to continue its unlawful sales of pain pumps even after DJO ceased being its distributor," but there is not a single allegation or factual averment offered in support of this conclusion. *Cf. Valles v. Silverman*, 2004-NMCA-019, 28, 84 P.3d 1056 (cited in DJO, LLC's Motion to Dismiss, [Doc. 95, p. 5]). Plaintiff's Complaint does not offer any allegations that support that DJO, LLC had any intent to cause injury to Plaintiff, or that there was any intent to accomplish any unlawful purpose towards the Plaintiff.

A similar argument was presented in the matter of ongoing matter of *Dean v. I-Flow, Inc., et al.*, whereby the Dean plaintiff alleged I-Flow was liable as the manufacturer and distributor of the pain pump, and that DJO, LLC, a former distributor of the I-Flow pain pump, was jointly liable for I-Flow's conduct under a theory of civil conspiracy. In a May 17, 2010 order issued by Chief United States District Judge Ann Aiken, the *Dean* court granted DJO, LLC's motion to dismiss pursuant to Rule 12(b)(6) on the grounds that the plaintiff's complaint did not sufficiently plead that the alleged conspiracy was to cause harm or injury. [Case 6:09-cv-01193-AA, Doc. 64, p. 4].

Plaintiff's meager response to DJO, LLC's citation to the *Dean* order is lacking in any substantive argument. Rather than distinguishing the cases the *Dean* order relied upon and discussing their purportedly "obscure"[1] ruling, Plaintiff merely provides us with her opinion that Chief Judge Aiken "misrepresented Oregon law," and that that the cases cited in the *Dean* order

---

[1] Citing to Plaintiff's Response Brief, Doc. 102, p. 2.

3

are inconsistent with the Restatement of (Second) Torts. [Doc. 102, p.2] Plaintiff provides no explanation or support for her position that Judge Aiken misrepresented Oregon law, nor any elucidation as to how or why the cases are inconsistent with the Restatement. Plaintiff's response has no merit and lacks any support for her bold, unsubstantiated statements.

Most perplexing is Plaintiff's statement that DJO, LLC's briefing does not support how New Mexico law regarding civil conspiracy is consistent with the *Dean* ruling and the cases it relied upon. [*Id.*] In fact, DJO, LLC analogized the similarities between New Mexico law and the *Dean* order at length and specifically identified New Mexico State Court opinions addressing Rule 12(b)(6) motions challenging the sufficiency of allegations in cases alleging civil conspiracy like that of the *Dean* matter. (*See* Doc. 95, pp. 5-7, *citing and summarizing Las Luminarias v. Isengard,* 92 N.M. 297, 587 P.2d 444 (Ct. App. 1978) *Armijo v. National Sur. Corp.*, 58 N.M. 166, 258 P.2d 339 (1954); *Los Alamos National Bank v. Martinez Surveying Services, LLC*, 2006-NMCA-081, 139 P.3d 201; *Seeds v. Lucero,* 2005-NMCA-067, 113 P.3d 859; *Valles v. Silverman,* 2004-NMCA-019, 84 P.3d 1056 ; *Ettenson v. Burke*, 2001-NMCA-003, 17 P.3d 440; *and Silva v. Town of Springer*, 1996-NMSC-022, 912 P.2d 304. Not surprisingly, Plaintiff does not address or refute the cases cited by DJO, LLC,[2] nor address the argument that the New Mexico civil conspiracy standards are entirely consistent with that of Oregon's and there must be a showing of intent to harm to sustain a civil conspiracy claim. Because New Mexico law regarding civil conspiracy is parallel to that of Oregon's, dismissal of Plaintiff's claim is the proper disposition for the matter.

---

[2] Rather, Plaintiff cites to the case of *Pedroza v. Lomas Auto Mall, Inc.,* for the proposition that a plaintiff "has a right to a jury decision on conspiracy" and the evidentiary showing at trial "will generally be circumstantial."[Doc. 102, p.2]. Plaintiff does not acknowledge that the *Pedroza* court was deciding summary judgment motions and the sufficiency of evidence on the claims, or that the *Pedroza* court granted summary judgment with respect to a claim of civil conspiracy against one of the defendants. Plaintiff's citation to *Pedroza* has no bearing on the instant motion and is inapplicable to DJO, LLC's arguments on Plaintiff's failure to sufficiently state her claim of civil conspiracy.

**B. Plaintiff's Brief Does Not Raise Any Opposition to DJO, LLC's Argument Regarding Dismissal of Counts I and II and It Is Therefore Presumed That Plaintiff Does Not Object to Dismissal of These Counts.**

The Motion to Dismiss argues that Plaintiff's ambiguous Complaint fails to assert any cognizable claims against DJO, LLC with respect to the First and Second Claims for relief, namely those of strict products liability: design defect, failure to warn and negligence. [Doc. 80, p. 4 and p. 6, respectively]. Plaintiff raised no opposition to the argument and DJO, LLC therefore presumes Plaintiff is in agreement that dismissal of these two causes of action is the proper disposition for the claims. This Court's local rules appear to support DJO's argument that a lack of opposition to a motion in effect constitutes consent for the Court to grant the motion. *See* D.N.M.LR-Civ. 7.1(a), providing that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Thus, entry of dismissal of Counts I and II against DJO, LLC is proper given Plaintiff's complete lack of response to the movement for dismissal.

**C. The Statute of Limitation Began to Run As Soon As Plaintiff Had Knowledge of Her Potential Claim.**

The discovery rule provides that the running of the statute of limitations is activated as soon as a plaintiff has knowledge concerning even a possible connection between complaints and a particular treatment or modality. *See Martinez v. Show A Denko, K.K., et al.*, 1998-NMCA-111, ¶ 25, 125 N.M. 615, 621, 964 P.2d 176, 183. Such knowledge places the plaintiff on reasonable notice and requires a plaintiff to timely initiate a claim. *Id.* Plaintiff's Complaint and response brief each attest to Plaintiff having "no objective manifestation until March 11, 2009," secondary to her surgery four years earlier on March 1, 2005. [Doc. 102, p. 4 and Doc. 80, p. 2].

Plaintiff's citation to the discovery rule is well-taken and DJO, LLC will stay this

5

argument pending further discovery as it is believed Plaintiff had sufficient notice to timely file her claims against DJO, LLC and failed to do so, thereby activating the commencement of her statute of limitations well before March 11, 2009. DJO, LLC reserves this argument for further briefing.

## II. CONCLUSION

As have other federal courts dealing with the same inadequate and conclusory allegations unsupported by clear factual averments, much like the *Dean* case, this Court should, pursuant to Rule 12(b)(6), dismiss Plaintiff's claim for civil conspiracy against DJO, LLC. Furthermore, dismissal of Counts I and II is proper as Plaintiff voiced no opposition to dismissal in her response brief, thereby indicating her consent for the same.

**WHEREFORE**, Defendant DJO, LLC, respectfully requests that the Court grant its motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief upon which relief can be granted, and great such further relief as the Court deems just and proper.

MADISON, HARBOUR, MROZ, P.A.

By *Jacqueline Olexy*
Michael J. Dekleva
Jacqueline Olexy
Rachel A. Bayless
Post Office Box 25467
Albuquerque, New Mexico 87125-5467
(505) 242-2177

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 30th day of July, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the foregoing parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Turner Branch, Esq.  
(Email address: tbranch@branchlawfirm.com)

Robert J. Curtis  
(Email address: curtisr@civerolo.com )

Paul Dominguez, Esq.  
(Email address: pdominguez@branchlawfirm.com)

**AND I FURTHER CERTIFY** that on this 30th day of July, 2010, I served the foregoing via first class mail, postage prepaid addressed as follows:

Turner Branch, Esq.  
Paul Dominguez, Esq.  
Branch Law Firm  
2025 Rio Grande Blvd., N.W.  
Albuquerque, NM 87104  
*Attorneys for Plaintiff*

Robert J. Curtis  
Civerolo, Gralow, Hill & Curtis, PA  
PO Box 887  
Albuquerque, NM 87103-0887  
*Attorney for Defendant I-Flow Corporation*

_____  
Jacqueline Olexy