IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SHERRIE BAILEY, | ) |
|           Plaintiff, | ) |
| v. | ) Cause No. 09-CV-531 KBM-DJS |
| I-FLOW CORPORATION, a Delaware Corporation; DJO, LLC, a Delaware Corporation; and DJO, INC., f/k/a DJ ORTHOPEDICS, INC., a Delaware corporation, | ) |
|           Defendants. | ) |

**I-FLOW'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS CLAIMS OF CIVIL CONSPIRACY**

Defendant, I-Flow Corporation ("I-Flow"), through its attorneys, Civerolo, Gralow, Hill & Curtis, states as follows in support of its Rule 12(b)(6) Motion to Dismiss Plaintiff's Claim of Civil Conspiracy:

**INTRODUCTION**

Plaintiff's conspiracy claim fails to allege any illegal act by either I-Flow or its alleged co-conspirator, DJO. Further Plaintiff fails to allege that either I-Flow or DJO specifically intended to harm the Plaintiff or violate any particular federal law. Accordingly, Plaintiff's civil conspiracy claim fails, due to lack of particularity, and must be dismissed.

**LEGAL ARGUMENT**

**A. Plaintiff's claim of civil conspiracy should be dismissed because it fails to meet the heightened pleading standards under *Twombly*.**

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

plaintiff to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).  In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  A complaint must be pled with particularity and must provide the court with more than a "mere metaphysical possibility" that plaintiff could potentially meet his or her burden of proof.  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)

   Plaintiff fails to allege specific facts which establish or even suggest that I-Flow and DJO reached a meeting of the minds to engage in a course of purportedly illegal conduct. In Plaintiff's motion to amend the original Complaint, Plaintiff cites to a "large volume of documents that had not been reviewed for production in two years of litigation" as its basis for seeking to add a civil conspiracy claim.  These documents included correspondence between DJO and a regulatory consultant relating to a study of the potential FDA clearance of the subject pumps. (Doc. 43, pp. 5-7)  While Plaintiff's motion provided specific factual allegations regarding DJO and its regulatory consultant, it contained no specific factual content regarding communications between I-Flow and DJO relating to DJO's regulatory consultant.  This failure is fatal to Plaintiff's claim.

   Likewise, Plaintiff's civil conspiracy claim fails to provide sufficient factual allegations to survive this Motion to Dismiss.  Instead, Plaintiff simply added I-Flow to averments stated in Plaintiff's motion to amend complaint, which merely reference communications between DJO and its regulatory consultant, and do not involve I-Flow.

   Plaintiff's three-paragraph civil conspiracy count fails to specifically allege key facts such as which individuals were specifically involved in the purported conspiracy, the specific means by which the alleged agreement was carried out, what specific illegal intent the parties had in

furtherance of this agreement, and whether Plaintiff and Plaintiff's surgeon relied on any purported misrepresentations made by either Defendant.

While evidence of conspiracy can sometimes be circumstantial, Plaintiff's three-paragraph claim of civil conspiracy against I-Flow falls far short of the federal pleading standards. Plaintiff has failed to provide enough facts to establish plausibility of a civil conspiracy claim against I-Flow in this case. The Court cannot draw a reasonable inference that I-Flow is liable for the alleged conduct and, therefore, Plaintiff's claim of civil conspiracy should be dismissed.

### B. Plaintiff's civil conspiracy claim fails because there is no evidence of an agreement to promote pumps for orthopedic use.

In response to I-Flow's Motion to Dismiss, Plaintiff claims there existed "a formal agreement to illegally promote the pumps for orthopedic use." (Doc. 104, p. 2)  Plaintiff claims that there is direct and circumstantial evidence supporting this allegation, but fails to cite to such evidence and, fails to make such claims in the Amended Complaint.  This is yet another reason why the civil conspiracy claim is insufficiently pled.

In actuality, I-Flow notified DJO in 1999 that it could lawfully sell the pumps to orthopedic surgeons, but that it could not promote the pumps for specific use in pain management following orthopedic surgery. (October 29, 1999 Letter from I-Flow's Counsel to DJO's Counsel, pp. 2-3)[1] This correspondence defeats Plaintiff's claims because it shows that both I-Flow and DJO understood that, though the pumps could be placed intra-articularly at the surgeons' discretion, I-Flow and DJO could not actively promote the pumps for intra-articular use.  Both entities understood that they could <u>not</u> promote the pumps for intra-articular use.  This is the exact opposite of what is required to meet federal pleading standards, which requires specific factual content suggesting facial plausibility that the defendants reached a meeting of the minds to

---

[1] As noted in I-Flow's Motion, a copy of this letter will be produced in discovery upon the request of the parties or the Court. (Doc. 97, P. 8, n. 2).

engage in a specific course of illegal conduct.    For these reasons, Plaintiff's third claim for relief should be dismissed.

### C. Plaintiff's claim for civil conspiracy should be dismissed because it does not specifically plead the "illegal act" purportedly engaged in by I-Flow nor does it allege that I-Flow acted act with a specific intention to harm Plaintiff.

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Seeds v. Lucero*, 137 N.M. 589, 593, 113 P. 3d 859 (N.M. App. 2005).  For a conspiracy to exist there must be a common design or a mutually implied understanding or agreement.  *First Nat'l Bank of Dodge City, Kansas v. Perschbacher*, 335 F.2d 442 (10th Cir. 1964); *Hedrick v. Perry*, 102 F. 2d 802 (10th Cir. 1939). As stated above in Section B, the Plaintiff's civil conspiracy claim fails because the substance of the conspiracy claim is contrary to the allegations stated in Plaintiff's motion to amend the Complaint.  Further, the Amended Complaint fails to allege the purported unlawful purpose or unlawful means by which I-Flow purportedly carried out the alleged conspiracy.  Plaintiff claims that Defendants acted "contrary to federal law" and that they "unlawfully promoted" pumps, but does not provide or cite to the specific underlying law that was allegedly violated.  Without more specificity, Plaintiff's claim fails.

While Plaintiff attempts to distinguish the facts at hand from those in the *Dean v. DJO* decision[2], the similarities between these cases give the *Dean* decision persuasive authority here. While the *Dean* opinion is not binding authority here, that opinion does establish that courts have dismissed inadequately pled civil conspiracy claims which fail to include sufficient particularity as required by federal law.  In *Dean*, the court dismissed plaintiff's civil conspiracy claim because it failed to identify the underlying purpose of the claimed conspiracy.  Here, as in *Dean*,

---

[2] *Dean v. DJO, LLC, DJO, Inc., and I-Flow Corporation*, United States District Court for the District of Oregon (Case No. 6:09-cv-01193-AA, Doc. #64)

Plaintiff alleges that a conspiracy existed merely to sell pain pumps, not to specifically injure the Plaintiff or to mislead her surgeons.  Plaintiff's claim is not sufficient.

Plaintiff's civil conspiracy claims must be dismissed for failure to specifically plead the federal laws that were purportedly violated and for failure to allege that Defendants acted with an illegal purpose.

## CONCLUSION

WHEREFORE, Defendant I-Flow Corporation respectfully requests that this Court dismiss the third claim for relief in Plaintiff's Amended Complaint, with prejudice, and provide for any other just relief.

        CIVEROLO, GRALOW, HILL & CURTIS
        A Professional Association

        By: __/s/ Robert J. Curtis_____
            Robert J. Curtis, Esq.
            *Attorneys for Defendant I-Flow Corporation*
            P. O. Drawer 887
            Albuquerque, New Mexico  87103
            (505) 842-8255