**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

SHERRIE BAILEY,

Plaintiff,

v. No. 09-CV-531 WJ/DJS

I-FLOW CORPORATION, a Delaware corporation; DJO, LLC, a Delaware corporation; and DJO, INC. f/k/a DJ ORTHOPEDICS, INC., a Delaware corporation,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DJO'S MOTIONS TO DISMISS, AND DENYING DEFENDANT I-FLOW'S MOTION TO DISMISS**

THIS MATTER comes before the Court on the following motions:

- Defendant I-Flow Corporation's Motion to Dismiss Claims of Civil Conspiracy (Doc. 97), filed July 6, 2010;

- Defendant DJO, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 95), filed July 2, 2010; and

- Defendant DJO, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 103), filed July 19, 2010.[1]

In each of these motions, the respective Defendants ask this Court to dismiss the civil conspiracy claims alleged in the Amended Complaint. Having considered the parties' briefs and the applicable law, I find that the motions are well-taken in part with regard to dismissal of Counts I and II as to Defendant DJO, but not well-taken with regard to the civil conspiracy claim

---

[1] Defendants DJO, Incorporated and DJO, LLC filed separate Motions to Dismiss, even though, as the Defendants acknowledge, the two motions could have been combined. According to the Defendants, "Plaintiff initially agreed to voluntarily dismiss DJO Incorporated, but then opted not to do so after DJO, LLC had already filed its Motion to Dismiss." Defendant DJO, Inc.'s Motion to Dismiss (Doc. 103), at 2 n.1.

in Count III as to both Defendants.

## BACKGROUND

Plaintiff underwent shoulder surgery in New Mexico in 2005. After the surgery, her surgeon implanted a "pain pump" manufactured by Defendant I-Flow Corporation ("I-Flow") directly into her shoulder joint. The pain pump injected pain relief medication directly into Plaintiff's shoulder on a continuous basis for several days following the surgery. Weeks later, Plaintiff was diagnosed with chondrolysis—a complete loss of articular cartilage in her shoulder. She initially sued I-Flow under various tort theories including products liability and negligence.

In May 2010, with leave of the Court and over the objection of Defendants, Plaintiff filed an amended complaint adding DJO, LLC and DJO, Incorporated (collectively, "DJO") as Defendants. The amended complaint also added a claim of civil conspiracy against I-Flow and the DJO Defendants. At one point, before the events in question occurred, the DJO Defendants acted as I-Flow's distributors. According to the amended complaint, I-Flow and the DJO Defendants had agreed to promote the pain pumps for orthopedic use despite the fact that the FDA had denied I-Flow's request to promote the pumps for this purpose on three separate occasions. Amended Complaint (Doc. 80), at 9. The amended complaint alleges that the DJO Defendants had specific knowledge that I-Flow's continued sales of pain pumps to orthopedic surgeons was contrary to federal law. Nevertheless, the DJO Defendants "gave substantial assistance and encouragement to I-Flow, which allowed it to continue its unlawful sales of pain pumps even after DJO ceased being its distributor." *Id.* at 10. Now, Defendants ask this Court to dismiss the civil conspiracy claim because Plaintiff fails to properly state a claim.

## DISCUSSION

The First Amended Complaint ("Amended Complaint") alleges Strict Products Liability

based on Design Defect and Failure to Warn (Count I); Negligence (Count II); and Civil Conspiracy Between Defendant I-Flow and the DJO Defendants (Count III).

## I. Civil Conspiracy Claims (Count III)

In her amended complaint, Plaintiff makes the following allegations in support of her civil conspiracy claim:

> Defendant I-Flow and DJO Defendants entered into an agreement . . . to promote pain pumps for orthopedic use, including in the joint space. When the FDA denied I-Flows request for this indication on three separate occasions, both I-Flow and DJO knew they could not lawfully promote the pain pumps for orthopedic use. However, I-Flow and DJO entered into an agreement to promote the pain pumps for orthopedic use, in violation of FDA regulations. DJO and I-Flow agreed that if apprehended, they would claim that orthopedic use was included within the general use permitted by the agency—despite the fact that regulatory consultants advised that orthopedic use was not permitted. I -Flow and DJO defendants acted with a common goal of selling pain pumps to orthopedic surgeons, for orthopedic/intra-articular/synovial cavity use and making a profit from those sales, despite the fact that promoting pumps for orthopedic use was contrary to federal law. DJO had specific knowledge that I-Flow's continued sales of pain pumps to orthopedic surgeons was contrary to federal law, and constituted a breach of its duty of care to the orthopedic surgeons who were unknowingly engaged in an off-label use of I-Flow pain pumps. DJO gave substantial assistance and encouragement to I-Flow, which allowed it to continue its unlawful sales of pain pumps even after DJO ceased being its distributor.

Plaintiff's Amended Complaint ¶ 23-24.

### A. <u>Sufficiency of the Complaint</u>

Defendants (I-Flow as well as the DJO Defendants) ask this Court to dismiss the civil conspiracy claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. When deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint. *Singh v. Mem'l Med. Ctr., Inc.*, 536 F.Supp.2d 1244, 1248 (D.N.M. 2998). A complaint fails to state a claim when it makes conclusory allegations of liability without supporting factual content. *See Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A complaint must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotations omitted). "The degree of specificity necessary to establish plausibility . . . , and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma, et al.*, 519 F.3d 1242, 1248 (10th Cir. 2008). Finally, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 (internal quotations omitted).

Under New Mexico law, a civil conspiracy is an agreement by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Seeds v. Lucero*, 113 P.3d 859, 862 (N.M. Ct. App. 2005). To state a civil conspiracy claim under New Mexico law, Plaintiff must show: "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy; and (3) that [Plaintiffs were] damaged as a result of such acts." *Ettenson v. Burke*, 17 P.3d 440, 445 (N.M. Ct. App. 2000). "The existence of the conspiracy may be pled by either direct allegations or by allegations of circumstances from which a conclusion of the existence of a conspiracy may be reasonably inferred." *Las Luminarias of the New Mexico Council of the Blind v. Isengard*, 587 P.2d 444, 447 (N.M. Ct. App. 1978).

Defendants argue that Plaintiff has not put forth sufficient evidence to maintain her civil conspiracy claim, referring to the "record" containing certain documents which purportedly show that both I-Flow and DJO understood that they could not promote the pumps for intra-articular use, and thereby defeating Plaintiff's civil conspiracy claims. Defendants also contend

that Plaintiff's civil conspiracy claim lacks a "causation" element. Doc. 95 at 7. Defendants are getting way ahead of themselves. Arguing the merits and relying on evidence outside of the complaint is appropriate in a summary judgment motion, but not in a motion to dismiss. The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. *Ford v. West*, 222 F.3d 767, 772 (10th Cir. 2000).

The Court agrees with Plaintiff in that Defendants are presenting basically the same arguments which they advanced previously with regard to Plaintiff's request to amend the complaint. In determining whether to use its discretion to allow Plaintiff to amend the complaint, the Court considered whether the civil conspiracy claim could withstand dismissal – and has already concluded that it could. *See Mountain View Pharmacy v. Abbott Lab.*, 630 F.2d 1383, 1389 (10th Cir.1980) (where amendment would be futile, court could deny leave to amend).

DJO also contends that the amended complaint suffers from a lack of specificity concerning DJO's participation in the alleged conspiracy and in the identification of facts regarding communications between I-Flow and DJO.[2] This degree of specificity is not required in a complaint, which must set forth sufficient facts to raise a plausible inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. The amended complaint does this by alleging facts which satisfy the elements of civil conspiracy, including the allegation of specific acts. Plaintiff alleges that I-Flow and DJO entered into an

---

[2] In its Memorandum Opinion and Order, the Court noted that Plaintiff's civil conspiracy claim against DJO is premised on DJO's alleged substantial assistance to I-Flow, rather than alleging that DJO directly harmed Plaintiff. Doc. 79 at 5.

agreement to promote the pain pumps for orthopedic use, in violation of FDA regulations; that DJO and I-Flow agreed that if apprehended they would claim that orthopedic use was included within the general use permitted by the agency; that this agreement was made despite the fact that regulatory consultants advised that orthopedic use was not permitted and despite knowing that I-Flow's continued sales of pain pumps to orthopedic surgeons was contrary to federal law; that I -Flow and DJO defendants acted with a common goal of selling pain pumps and making a profit from those sales; and that DJO gave substantial assistance and encouragement to I-Flow, which allowed it to continue its unlawful sales of pain pumps even after DJO ceased being its distributor. Am. Compl., ¶¶ 20, 23-24. The DJO Defendants argue that any purported agreement between I-Flow and DJO was not to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, and that it was instead just an agreement to promote pain pumps in order to reap a profit. However, this argument is directly contrary to Plaintiff's assertions in the Amended Complaint that Defendants acted in violation of FDA regulations.

Defendant's reliance on a federal case out of the District of Oregon is not persuasive. In *Dean v. DJO, LLC, et al.*, Cause No. 6:09-CV-01193-AA, United States District Judge Ann Aiken dismissed a lawsuit based on a civil conspiracy claim against I-Flow and DJO because the plaintiff failed to alleged "a necessary element of civil conspiracy" under Oregon law. Doc. 103-1 at 4. Specifically, Judge Aiken found that the facts as alleged in that case did not suggest that the defendants entered into a conspiracy for the primary purpose of causing injury to the plaintiff. *See* Doc. 103-1, at 4. As Plaintiff points out, proof that the primary purpose of a conspiracy is to cause injury to another is an element for civil conspiracy under Oregon law, but is not an element under New Mexico law. New Mexico law requires a showing that a plaintiff

was "damaged as a result of such acts." *Ettenson v. Burke*, 17 P.3d at 445. That element has been satisfied here for purposes of Rule 12(b)(6). Plaintiff alleges that she suffers a complete loss of articular cartilage in her shoulder as a result of the use of the pain pump, that she lost joint motion and use of her right shoulder and related muscles; and that she has sustained diminution of function of her arm, wrist, hand and fingers. Thus, the basis for the holding in *Dean* which dismissed the civil conspiracy claim does not exist in the instant case.

Based on the foregoing, I find that Plaintiff has pled sufficient facts to present a "facial plausibility" allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

B. Statute of Limitations Argument

Plaintiff's surgery occurred on March 1 2005, and the Amended Complaint (which added DJO as a defendant) was filed on May 13, 2010, which is more than a five-year time span. Defendant claims that Plaintiff's civil conspiracy claim is therefore barred by New Mexico's three-year personal injury statute of limitations pursuant to NMSA 1978, § 37-1-8.

The Court need not pass on this argument. In the reply, DJO acknowledges Plaintiff's reliance on the "discovery rule" and has decided to shelve this argument for now, pending further discovery.[3]

---

[3] The "discovery rule" is applied in certain instances in order to determine when the cause of action accrued. *See Stump Stump v. Gates*, 777 F.Supp. 808, 822 (D.Colo.,1991). Under this rule, the limitations period is tolled until the injury and its cause are discovered, or by due diligence should have been discovered. It provides that the limitations period begins "when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Dahl v. U.S.*, 319 F.3d 1226 (10th Cir. 2003). The rule is applied either where injuries are not initially manifested or the statute of limitations may begin to accrue before a party has all the evidence supporting its case. *See, e.g. Long v. Weaver*, 105 N.M. 188, 191, 730 P.2d 491, 494 (Ct.App. 1986) (medical malpractice case).

**II. Strict Products Liability and Negligence Claims (Counts I and II).**

Last, DJO contends that Counts I and II in the complaint should be dismissed because the complaint fails to allege facts supporting that DJO owed a duty to Plaintiff. The complaint asserts that E-Flow designed, manufactured, marketed, sold and distributed the pain pump that Plaintiff alleges caused her injury. Compl., ¶¶ 3, 5, 6, 16. There is some mention that DJO acted as a distributor for I-Flow at some point (¶ 20), but DJO points out that there are no facts showing that DJO was a distributor specifically in 2005, the year of Plaintiff's shoulder surgery, or in 2004, the year preceding Plaintiff's surgery. Thus, DJO argues that there can be no liability on its part for a product which it did not design, manufacture, market, sell or distribute – in other words, DJO owes no duty to Plaintiff to guarantee or oversee I-Flow's actions.

As DJO correctly notes, Plaintiff's brief does not raise any argument opposing DJO's contentions on this issue. Under this district's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR.Civ. 7.1(b). Accordingly, the Court will grant DJO's motion to dismiss Counts I and II of the complaint.

**Conclusion**

In sum, the Court finds and concludes that Plaintiff's amended complaint sufficiently alleges a civil conspiracy claim against Defendants.

However, the Court grants DJO's motion to dismiss Counts I and II of the complaint alleging strict products liability and negligence.

The Court makes no determination on the statute of limitations argument initially raised by Defendant DJO.

**THEREFORE,**

**IT IS ORDERED** that:

- Defendant I-Flow Corporation's Motion to Dismiss Claims of Civil Conspiracy (Doc. 97) is hereby DENIED for reasons described in this Memorandum Opinion and Order;

- Defendant DJO, LLC's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 95) is hereby GRANTED in that Counts I and II alleging strict products liability and negligence are hereby DISMISSED WITH PREJUDICE as to both DJO Defendants; the motion is hereby DENIED with regard to the civil conspiracy claim in Count III;

- Defendant DJO, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Doc. 103) is hereby DENIED.

- As a result of the Court's rulings herein, the remaining claim in this lawsuit is a claim of civil conspiracy between I-Flow and DJO (Count III).

UNITED STATES DISTRICT JUDGE