IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHERRIE BAILEY,**

    **Plaintiff,**

vs.                                                  **Cause No.  1:09-cv-531 WJ/DJS**

**I-FLOW CORP, a Delaware corporation, et al.,**

    **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the *Motion to Extend Discovery Deadline* [Doc. 189], filed March 11, 2011.  For the reasons stated below, the motion is **DENIED**.

The parties request the Court extend the discovery deadline for the purpose of completing depositions they have been unable to complete "due to expert witnesses' schedules." [Doc. 189.] The motion recites that all parties concur in the request and that the extension will not affect any other deadlines set in the case.  The motion—filed more than a month after the close of discovery on February 7, 2011—is in substance a request to reopen discovery.

A district court has wide discretion in its regulation of pretrial matters, including whether to reopen discovery.  *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990).  In exercising its discretion, courts consider the following factors:  1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery; and 6) the likelihood that the discovery will lead to relevant evidence.  *SIL-FLO, Inc.*, 917 F.2d at 1514 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)).

The motion does not state adequate justification for reopening discovery.  Opposition to the

motion and prejudice to the nonmoving party are factors for the Court to consider, but they are not the only factors. The Court may deny a request to reopen discovery when it appears the parties did not make diligent use of the period originally provided for discovery. *SIL-FLO, Inc.*, 917 F.2d at 1514. The motion recites that the parties have "cooperated" in scheduling discovery, but does not indicate they have been diligent in pursuing it.

The lengthy period allotted for discovery and counsels' failure to seek an extension prior to the close of discovery weigh heavily against the request. Excepting a three-month period during which the case was stayed, the parties had approximately 12 months within which to conduct discovery. A Scheduling Order was entered in this case on October 22, 2009, under a "complex" track with a discovery deadline of July 12, 2010. [Doc. 41.] On December 3, 2009, the Court extended expert deadlines pursuant to the parties' request. [Doc. 47.] On August 10, 2010, the Court entered an Amended Scheduling Order, again a "complex" track, extending discovery to February 7, 2011. [Doc. 114.]

The need for expert discovery has been known since this case was initiated. A review of the docket reveals the parties apparently deposed some experts within the discovery period. That the schedule of other experts would not permit them to be deposed before the close of discovery should have been foreseeable in time for counsel to request an extension prior to the close of discovery.

Furthermore, the motion offers no explanation for the delay in making the request, no description of the number of depositions needed, nor does it describe the relevance or subject matter of the depositions. The cursory nature of the motion leaves the Court to speculate about whether the additional discovery is important to the merits of the case.

The pretrial motions deadline has passed and trial is set for July 5, 2011. Although the trial cannot be described as "imminent," the parties have filed numerous pretrial motions, many with

voluminous exhibits. In the ordinary course, these motions will not be fully-briefed until mid-April 2011, and undoubtedly will consume significant judicial resources if they are to be resolved in advance of the pre-trial settings. The abbreviated motion does little to reassure the Court that reopening discovery will not result in new or additional matters or disputes that may possibly further delay the case.

"Determining whether to reopen discovery requires striking a delicate balance between the interests of efficiency and accountability on the one hand, and a recognition of the importance of discovery for resolving cases on the merits on the other." *Mann v. Fernandez*, 615 F.Supp.2d 1277, 1284 (D.N.M. 2009). The motion fails to persuade the Court that re-opening discovery is justified. Accordingly, the motion is denied.

**IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**