IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHERRIE BAILEY,**

 **Plaintiff,**

**vs.**              **Cause No. 1:09-cv-531 WJ/DJS**

**I-FLOW CORP, a Delaware corporation, et al.,**

 **Defendants.**

# ORDER

**THIS MATTER** is before the Court on *Plaintiff's Unopposed Motion to File Exhibits Under Seal In Opposition to Defendants' Motions for Summary Judgment and* Daubert *Motions* [Doc. 205], filed April 4, 2011. For the reasons stated below, the motion is **DENIED without prejudice**.

Plaintiff requests the Court permit her to file certain documents under seal on the grounds that Defendant I-Flow considers the documents "sensitive and confidential in nature." [Doc. 206 at 1.] Plaintiff further contends that I-Flow has identified these documents as confidential pursuant to a Protective Order, and maintains a private interest in them. [Id. at 2.] The Court has requested that the documents be submitted for *in camera* review.

Court documents are covered by a common law right of access. *Nixon v. Warner Comm'cs*, 435 U.S. 589, 599 (1978). "Under that doctrine, judicial documents are presumptively available to the public, but may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *United States v .McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon*, 435 U.S. at 602). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and quotation marks omitted).

The motion and accompanying memorandum fail to identify the appropriate standard or to

provide sufficient information to convince the Court that I-Flow's interests in maintaining privacy in the documents outweighs the public's right of access.  Furthermore, although the Court has directed that the documents be submitted for *in camera* inspection, inspection of the documents alone likely will not be sufficient to enable the Court to make the requisite findings.  *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) (holding that court does not have unlimited discretion to seal documents but "must consider the relevant facts and circumstances of the particular case and weigh the relative interests of the parties").

     Accordingly, the motion is denied without prejudice.  The parties may file a properly supported motion for the Court to consider together with *in camera* inspection of the documents.

     **IT IS SO ORDERED.**

_____
**DON J. SVET**
**United States Magistrate Judge**